UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv97-FDW

| | |
|---|---|
| JUAN AVERY PATTERSON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> WESTERN DISTRICT OF ) <br> NORTH CAROLINA ) <br> ) <br> Respondent. ) <br> _____) | ORDER |

**THIS MATTER** is before the Court upon initial review of Juan Avery Patterson's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc No. 1.) Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis. (Doc. No. 2.)

**I.    BACKGROUND**

Petitioner pleaded guilty on May 20, 2014 in Cleveland County Superior Court to two counts of Robbery with a Dangerous Weapon, Second Degree Kidnapping, Possession of a Firearm by a Felon, Attempted Breaking and Entering, Assault with a Deadly Weapon with the Intent to Kill, and Attempted First Degree Murder. (Transcript of Plea 3-4, Doc. No. 1-1.) Petitioner was sentenced to an active prison term of 253 to 328 months. (Pet. 1, Doc. No. 1.) According to the Petition, he did not file a direct appeal in the North Carolina appellate courts or a Motion for Appropriate Relief in the Cleveland County Superior Court. (Pet., supra, at 2-3.)

Petitioner placed the instant Petition in the prison mailbox on May 15, 2015. (Pet., supra, 14.) It was docketed in this Court on May 19, 2015. The Petition suffers from a number of defects which prohibit the Court from considering the merits of Petitioner's claims for relief.

1

## II. RULES GOVERNING § 2254 CASES

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Petitioner is presently incarcerated at Foothills Correctional Institution. The warden or superintendent of that facility, not the Western District of North Carolina, has immediate custody of Petitioner, and, therefore, is the proper respondent.

Furthermore, under Rule 2(c)(5), a habeas petition must be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c)(5). Neither Petitioner, nor a person authorized by him, signed the instant Petition. (Pet., supra, 14.)

Finally, under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1] To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

Petitioner concedes that he did not seek direct review of his conviction(s) and sentence by the North Carolina appellate courts. (Pet., supra, at 2.) He also has not sought post-conviction relief by way of a Motion for Appropriate Relief in the Cleveland County Superior Court. (Pet., supra, at 3.) Consequently, Petitioner has failed to fully exhaust his state remedies. The Court will dismiss the Petition without prejudice to re-filing upon proper exhaustion and correction of the other previously cited defects.

The Court takes no position as to what, if any, procedural avenues may be available to Petitioner in the Court of Appeals or Supreme Court of North Carolina. The Court notes, however, that North Carolina's statutory Motion for Appropriate Relief process may be available to Petitioner. See N.C. Gen Stat. § 15A–1411 et seq.

Petitioner is forewarned that a § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's conviction became final on June 3, 2014, i.e., when his time to file a direct appeal in the North Carolina Court of Appeals expired. N.C. R. App. P. 4(a)(2). While the limitations period will be tolled while a properly filed state post-conviction action,

such as a Motion for Appropriate Relief, is before the state courts, § 2244(d)(2), Petitioner must be mindful that the limitations period will otherwise run.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED without prejudice** as unexhausted and for violations of Rule 2 of the Rules Governing Section 2254 Cases;

2. Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 26, 2015

Frank D. Whitney
Chief United States District Judge